WALTER & STRUCK *v.* R. W. WOOLEY, ET AL.

**Landlord and Tenant—Mechanic's Lien—Parties—Limitations.**
The landlord must be made a defendant in an action to foreclose a mechanic's lien against real estate for improvements which have been made thereon by the tenant.

**Limitations.**
Where the landlord was not made a defendant in foreclosing a mechanic's lien against his property for improvements erected by the tenant, until more than one year after such work was done and until after the tenant was dispossessed, no recovery can be had against the landlord's real estate.

**Limitations.**
No action can be maintained to foreclose a mechanic's lien after twelve months have elapsed from the date of the completion of the work or furnishing the materials.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 28, 1875.

OPINION BY JUDGE PRYOR:

If, as maintained by the appellants, the mechanic's lien, by reason of the law applicable to the city of Louisville, is superior to the lien of the landlord for his rents (a question not necessary to be decided in this case), it must be conceded that the provisions of the enactment creating this lien must be complied with in order to give this preference. The building, as erected by the appellant, became a part of the realty, or such a fixture as could not be removed by the tenants under the contract, as shown, without the consent of the owners of the soil; and if placed upon the premises with or without the implied or express consent of the landlord, the lien must be enforced against him as well as the tenant. The tenant may be and is a necessary party, in order that he may admit or contest the validity of the claim, and assert his right to the use; but the landlord is the party

against whom, or upon whose property the lien attaches; and he is, therefore, for the purposes of enforcing the lien the real party in interest.

The lease in this case was a matter of record; and the property upon the premises gave to the landlord an indemnity to that extent upon the failure of the tenant to pay his rent. He feels secure in this rent by reason of these improvements, and may not desire on this account to exact a prompt compliance with the payment of the monthly instalments owing by the tenant. In this case, the landlord whose realty is about to be subjected to the payment of the mechanic's lien, is not made a party to the action until the 7th of March, 1873. The nature and extent of appellants' lien was filed in August, 1872, for lumber and carpenter's work, furnished and performed up to the 8th day of March, 1872. The evidence of Exkstenkemper shows that this work was done three years prior to February, 1874, and one of the appellants states that it was finished the 1st or 2d of March, 1872. More than one year had elapsed after the completion of the work before the appellees were made parties to the cross-petition of appellants. The lien may be asserted provided such petition be filed within one year from the completion of the work or the furnishing the materials. "No lien shall exist in favor of any person or persons by virtue of this act, who shall not have proceeded within the time aforesaid to enforce the same." Acts of City of Louisville, page 925.

The lease of the tenant had been forfeited prior to the time at which the appellees were summoned or made parties to the cross-petition; and when they come to take possession, or have the right to the possession, it is insisted for the first time, that a part of the realty is liable for the appellant's claim; and whether so or not, the appellees who owned the soil and the buildings upon it had no notice of this lien by reason of any summons in an action to enforce it, until more than one year after the work had been done, and not until they had obtained a judgment for restitution. It is true the tenant owed the debt, but it was the landlord's property that was attempted to be sold by reason of the act in question in order to discharge it; and the failure to attempt to enforce the lien within a year as against him, released the property, if liable for its payment. From the evidence in the case the tenant had no right to remove this building, and as it was attached to the dwelling house, although used as a bar room, we are not disposed to adjudge that it was such a fixture as the tenant could remove. Besides, it is shown that the

erection of these improvements constituted, to some extent, the consideration moving the appellees to execute the lease, and that they were looking to the value of such improvements as a partial compensation for the use of the property. There is no reason assigned for the failure to make the appellees parties to the proceeding within the time provided by the statute.

The lease was a matter of record, and by its terms was liable to be forfeited at any time, upon the failure of the tenant to comply with the conditions annexed. The interest of the tenant terminated when the lease was forfeited, and the appellants were then enforcing their lien against the property of the appellees, who were not before the court. The latter were as much or more interested than the tenant, the former owning the fee, and the latter the right to the use only. If this use could be subjected, or the building itself, by reason of the tenant having built it, when the tenancy expires, and the attempt is to enforce the claim against the owner, we see no reason why he may not avail himself of the provisions of the statute and say: "You have no right to enforce this lien against me after the expiration of twelve months from the completion of the work," and particularly when, if the tenant was still in possession, the appellee's were necessary parties. The lease was forfeited before any summons issued against the appellees, and the right of the tenant (if he had such right) to remove the fixtures, no longer existed. If two own an interest in real estate, one for years and the other in remainder, if there is a claim against the estate that may be enforced by him within a certain time, and the interest of the one owning the particular estate terminates when he alone is a party to the action, if the tenant in fee is afterwards made defendant, the pendency of the action against the one owning the lesser estate would not preclude the owner of the fee from pleading the statute of limitations, or from having the benefit of a statute denying all liens where the action is not prosecuted within twelve months. The cause of action or lien cannot be said to have been asserted as against appellees or their property, until the filing of the amendment making them parties. As owners, they had the right to remove the lien, and as both the tenancy and lien were gone when they were sought to be charged, or their property made liable, the chancellor cannot now subject this property to the payment of appellants' claim.

Judgment *affirmed.*

*L. N. Dembitz, for appellants.*
*James S. Pirtle, for appellees.*